UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

PNC BANK, NATIONAL ASSOCIATION,  CASE NO.:
a national banking association,

    Plaintiff,

v.

NATURE'S ELITE, INC., a Florida
corporation; NADAV HOURI, individually;
YONATAN HOURI, individually; and
MAAYAN YIFTACH EL, individually,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, PNC BANK, NATIONAL ASSOCIATION, a national banking association, hereby sues Defendants, NATURE'S ELITE, INC., a Florida corporation, NADAV HOURI, individually, YONATAN HOURI, individually, and MAAYAN YIFTACH EL, individually (collectively "Defendants"), and as grounds therefore alleges as follows:

## PARTIES

1. Plaintiff, PNC BANK, NATIONAL ASSOCIATION ("PNC"), is a national banking association chartered under the laws of the United States in the State of Delaware. PNC BANK's main office, as stated in its Articles of Association, is located in Wilmington, Delaware, and its principal place of business is in the Commonwealth of Pennsylvania. As such, it is a citizen of Delaware for purposes of diversity jurisdiction. PNC is duly authorized to conduct business in the State of Florida.

2. Defendant, NATURE'S ELITE, INC. ("NATURE'S ELITE"), is a Florida corporation registered to do business with the Secretary of State of Florida with its principal place

of business and office headquarters located in Palm Beach County, Florida, and is a citizen of the State of Florida.

3. Defendant, NADAV HOURI is an individual and is a citizen of the State of Florida, and is domiciled in and resides in the State of Florida in Palm Beach County, at the address commonly known as 22794 El Dorado Drive, Boca Raton, Palm Beach County, Florida 33433, and he is otherwise *sui juris*. NADAV HOURI is a guarantor of the loan which is the subject of this action.

4. Defendant, YONATAN HOURI is an individual and is a citizen of the State of Florida, and is domiciled in and resides in the State of Florida in Palm Beach County, at the address commonly known as 22794 El Dorado Drive, Boca Raton, Palm Beach County, Florida 33433, and he is otherwise *sui juris*. YONATAN HOURI is a guarantor of the loan which is the subject of this action.

5. MAAYAN YIFTACH EL, is an individual and is a citizen of the State of New York, and is domiciled in and resides in the State of New York in Queens County, at the address commonly known as 6839 Juno Street, Forrest Hills, Queens County, New York, 11375, and he is otherwise *sui juris*. MAAYAN YIFTACH EL is a guarantor of the loan which is the subject of this action, and MAAYAN YIFTACH EL irrevocably consented to exclusive jurisdiction in Florida in paragraph twenty (20) of his guaranty referenced herein (*See* Count IV, **Exhibit "L"**). Furthermore, he is currently the Vice President of NATURE'S ELITE and has been the Vice President of NATURE'S ELITE continuously since 2013 (and is listed with the Florida Secretary of State as such), including at all material times hereto. Accordingly, MAAYAN YIFTACH EL, in addition to consenting to jurisdiction in Florida, has also submitted himself to the jurisdiction of Florida in that he is: (1) operating, conducting, engaging in, or carrying on a business or business

venture in Florida. *See* Fla. Stat. §48.193(1)(a)(1); and in addition, (2) engaging in substantial and not isolated activity within FLorida. *See* Fla. Stat. §48.193(2).

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. §1332(a) in that there is complete diversity of citizenship between PNC on one hand and the Defendants on the other, and an amount in controversy that exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this district as the events giving rise to these claims occurred in Palm Beach County Florida and this judicial district. *See* 28 U.S.C. §1391(b)(2).

## GENERAL ALLEGATIONS

8. That on or about July 25, 2017, Defendant, NATURE'S ELITE and PNC entered into that certain Loan Agreement, and in connection therewith, NATURE'S ELITE, as borrower, executed and delivered to PNC, as lender, that certain Revolving Line of Credit Note in the principal amount of $500,00.00, dated on or about July 25, 2017 ("Note"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit "A"** and a true and correct copy of the Note is attached hereto as **Exhibit "B".**

9. In conjunction with the Loan Agreement and Note, NATURE'S ELITE also executed and delivered to PNC that certain Security Agreement dated on or about July 25, 2017, and in connection therewith, and as further security, UCC Financing Statement No. 201702113513 ("UCC") was recorded with the State of Florida. A true and correct copy of the Security Agreement is attached hereto as **Exhibit "C"** and a true and correct copy of the UCC is attached hereto as **Exhibit "D"**.

10. Subsequently, the maturity date of the Note was extended to March 22, 2019 by letter Agreement dated January 9, 2019, a copy of which is attached hereto as **Exhibit "E"**.

11. Furthermore, the Loan Agreement and Note were modified by that certain Amendment to Loan Documents dated February 6, 2020 (a true and correct copy attached hereto as **Exhibit "F"**); that certain Second Amendment to Loan Documents dated on or about April 28, 2020 (a true and correct copy attached hereto as **Exhibit "G"**); and that certain Deferral and Third Amendment to Loan Documents dated on or about July 13, 2020 (a true and correct copy attached hereto as **Exhibit "H"**), (**Exhibits A- H** shall collectively hereinafter be referred to as the "Loan Documents").

12. Plaintiff, PNC BANK, owns and holds the Loan Documents, including the Note.

13. That pursuant to the Loan Documents, NATURE'S ELITE was required to pay all principal and interest and any other unpaid sums due under the Loan Documents on or before the maturity date of February 22, 2012 ("balloon payment").

14. That NATURE'S ELITE defaulted under the terms of the Loan Documents by failing to make the balloon payment due on the February 22, 2021 or at any time thereafter.

15. That, as a result, and to the extent necessary, has elected to accelerate all sums due under the Loan Documents pursuant to its rights thereunder. Although not required under the Loan Documents, PNC sent NATURE'S ELITE (as well as all other Defendants, as guarantors) a payment default letter dated March 25, 2021 and demanded the immediate payment of all sums due and owing under the Loan Documents. A true and correct copy of the letter is attached hereto as **Exhibit "I"**.

16. As of August 4, 2021, the Defendant, NATURE'S ELITE, owes the Plaintiff, PNC, principal in the amount of Two Hundred and Three Thousand Six Hundred Eleven Dollars and Four Cents ($203,611.04), plus accrued interest in the amount of $13,511.12 with interest continuing to accrue at the per diem rate of $24.04 after August 4, 2021, plus late charges,

attorneys' fees and costs, and any other charges due under the Loan Documents, no part of which has been paid.

## COUNT I
## (BREACH OF LOAN DOCUMENTS - NATURE'S ELITE)

17. This is an action for damages in excess of $75,000.00, exclusive of fees, interest and costs.

18. Plaintiff realleges and reincorporates paragraphs 1 through 16 as though fully set forth herein.

19. Plaintiff has retained the undersigned counsel and is obligated to pay a reasonable fee for its services, and the Defendant, NATURE'S ELITE, has agreed that Plaintiff shall be entitled to recover its reasonable attorney's fees and costs incurred in collecting the sums due under the Loan Documents.

20. All conditions precedent to the filing of this action have occurred, have been performed or have been waived.

WHEREFORE, Plaintiff, PNC BANK, NATIONAL ASSOCIATION demands judgment against the Defendant, NATURE'S ELITE, INC., for principal in the amount of Two Hundred and Three Thousand, Six Hundred Eleven Dollars and Four Cents ($203,611.04) plus accrued interest in the amount of $13,511.12 as of August 4, 2021 with interest continuing to accrue at the per diem rate of $24.04 after August 4, 2021, late charges, attorneys' fees and costs and any other sums due and owing under the Loan Documents, and for such further relief as this Court may deem appropriate.

## COUNT II
## (BREACH OF GUARANTY - NADAV HOURI)

21. This is an action for damages in excess of $75,000.00, exclusive of fees, interest and costs.

22. Plaintiff realleges and reincorporates paragraphs 1 through 16 as though fully set forth herein.

23. That on or about July 25, 2017, Defendant, NADAV HOURI, in consideration of and to induce Plaintiff into entering into the Loan Documents, made, executed and delivered to Plaintiff a contract in writing, whereby NADAV HOURI guaranteed payment and performance of all obligations due under the Loan Documents, including payment all sums due thereunder ("Nadav Guaranty"). A true and correct copy of the Nadav Guaranty is attached hereto as **Exhibit "J"**.

24. That Defendant, NADAV HOURI, defaulted under the terms of the Nadav Guaranty by failing to pay the sums due and owing under the Loan Documents.

25. As a result, NADAV HOURI owes PNC principal in the amount of Two Hundred and Three Thousand Six Hundred Eleven Dollars and Four Cents ($203,611.04) plus accrued interest in the amount of $13,511.12 as of August 4, 2021 with interest continuing to accrue at the per diem rate of $24.04 after August 4, 2021, plus late charges, attorneys' fees and costs and any other sums due and owing under the Loan Documents and the Nadav Guaranty.

26. Plaintiff has retained the undersigned counsel and is obligated to pay a reasonable fee for its services, and the Defendant, NADAV HOURI, has agreed that Plaintiff shall be entitled to recover its reasonable attorney's fees and costs incurred in collecting the sums due under the Loan Documents and enforcement of his Guaranty.

27. All conditions precedent to the filing of this action have occurred, have been performed or have been waived.

WHEREFORE, Plaintiff, PNC BANK, NATIONAL ASSOCIATION, demands judgment against the Defendant, NADAV HOURI, individually, for principal in the amount of Two Hundred and Three Thousand Six Hundred Eleven Dollars and Four Cents ($203,611.04) plus accrued interest

in the amount of $13,511.12 as of August 4, 2021 with interest continuing to accrue at the per diem rate of $24.04 after August 4, 2021, plus late charges, attorneys' fees and costs and any other sums due and owing under the Loan Documents and the Nadav Guaranty, and for such further relief as this Court may deem appropriate.

## COUNT III
### (BREACH OF GUARANTY – YONATAN HOURI)

28. This is an action for damages in excess of $75,000.00, exclusive of fees, interest and costs.

29. Plaintiff realleges and reincorporates paragraphs 1 through 16 as though fully set forth herein.

30. That on or about July 24, 2017, Defendant, YONATAN HOURI, in consideration of and to induce Plaintiff into entering into the Loan Documents, made, executed and delivered to Plaintiff a contract in writing, whereby YONATAN HOURI guaranteed payment and performance of all obligations due under the Loan Documents, including payment of all sums due thereunder ("Yonatan Guaranty"). A true and correct copy of the Yonatan Guaranty is attached hereto as **Exhibit "K".**

31. That Defendant, YONATAN HOURI, defaulted under the terms of the Yonatan Guaranty by failing to pay the sums due and owing under the Loan Documents.

32. As a result, YONATAN HOURI owes PNC principal in the amount of Two Hundred and Three Thousand Six Hundred Eleven Dollars and Four Cents ($203,611.04) plus accrued interest in the amount of $13,511.12 as of August 4, 2021 with interest continuing to accrue at the per diem rate of $24.04 after August 4, 2021, plus late charges, attorneys' fees and costs and any other sums due and owing under the Loan Documents and the Yonatan Guaranty

33. Plaintiff has retained the undersigned counsel and is obligated to pay a reasonable fee for its services, and the Defendant, YONATAN HOURI, has agreed that Plaintiff shall be entitled to recover its reasonable attorney's fees and costs incurred in collecting the sums due under the Loan Documents and enforcement of his Guaranty.

34. All conditions precedent to the filing of this action have occurred, have been performed or have been waived.

WHEREFORE, Plaintiff, PNC BANK, NATIONAL ASSOCIATION demands judgment against the Defendant, YONATAN HOURI, individually, for principal in the amount of Two Hundred and Three Thousand Six Hundred Eleven Dollars and Four Cents ($203,611.04) plus accrued interest in the amount of $13,511.12 as of August 4, 2021 with interest continuing to accrue at the per diem rate of $24.04 after August 4, 2021, plus late charges, attorneys' fees and costs and any other sums due and owing under the Loan Documents and the Yonatan Guaranty, and for such further relief as this Court may deem appropriate.

## COUNT IV
### (BREACH OF GUARANTY – MAAYAN YIFTACH EL)

35. This is an action for damages in excess of $75,000.00, exclusive of fees, interest and costs.

36. Plaintiff realleges and reincorporates paragraphs 1 through 16 as though fully set forth herein.

37. That on or about July 24, 2017, Defendant, MAAYAN YIFTACH EL, in consideration of and to induce Plaintiff into entering into the Loan Documents, made, executed and delivered to Plaintiff a contract in writing, whereby MAAYAN YIFTACH EL guaranteed payment and performance of all obligations due under the Loan Documents, including payment

of all sums due thereunder (herein "Maayan Guaranty"). A true and correct copy of the Maayan Guaranty is attached hereto as **Exhibit "L"**.

38.  That Defendant, MAAYAN YIFTACH EL, defaulted under the terms of the Maayan Guaranty by failing to pay the sums due and owing under the Loan Documents.

39.  As a result, MAAYAN YIFTACH EL owes PNC principal in the amount of Two Hundred and Three Thousand Six Hundred Eleven Dollars and Four Cents ($203,611.04) plus accrued interest in the amount of $13,511.12 as of August 4, 2021 with interest continuing to accrue at the per diem rate of $24.04 after August 4, 2021, plus late charges, attorneys' fees and costs and any other sums due and owing under the Loan Documents and the Maayan Guaranty.

40.  Plaintiff has retained the undersigned counsel and is obligated to pay a reasonable fee for its services, and the Defendant, MAAYAN YIFTACH EL, has agreed that Plaintiff shall be entitled to recover its reasonable attorney's fees and costs incurred in collecting the sums due under the Loan Documents and enforcement of Maayan Guaranty.

41.  All conditions precedent to the filing of this action have occurred, have been performed or have been waived.

WHEREFORE, Plaintiff, PNC BANK, NATIONAL ASSOCIATION demands judgment against the Defendant, MAAYAN YIFTACH EL, individually, for principal in the amount of Two Hundred and Three Thousand Six Hundred Eleven Dollars and Four Cents ($203,611.04) plus accrued interest in the amount of $13,511.12 as of August 4, 2021 with interest continuing to accrue at the per diem rate of $24.04 after August 4, 2021, plus late charges, attorneys' fees and costs and any other sums due and owing under the Loan Documents and the Maayan Guaranty, and for such further relief as this Court may deem appropriate.

DATED this 9th day of August 2021.

/s/ Ronald M. Emanuel
RONALD M. EMANUEL, ESQ.
Florida Bar No. 746932
ron.emanuel@emzwlaw.com
ERIC B. ZWIEBEL, ESQ.
Florida Bar No. 476404
eric.zwiebel@emzwlaw.com
EMANUEL & ZWIEBEL, PLLC
7900 Peters Road, Building B, Suite 100
Plantation, Florida 33324
Telephone: (954) 472-7500
Facsimile: (954) 533-0138
*Attorneys for Plaintiff*